

FILED

FEB 2 1 2014

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA

v.                                     Criminal No. 3:09cr376

TIMOTHY LEE SCAIFE,

     Petitioner.

### MEMORANDUM OPINION

Timothy Lee Scaife, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (ECF No. 45.) In his § 2255 Motion, Scaife argues entitlement to relief upon the following claims of ineffective assistance of trial counsel:[1]

| | |
|---|---|
| Claim One: | Counsel failed to challenge the sufficiency of the arrest warrant. (§ 2255 Mot. 3.) |
| Claim Two: | Counsel failed to move to suppress illegally obtained evidence from Scaife's house. (Id.) |
| Claim Three: | Counsel failed to investigate whether the search violated Scaife's Fourth Amendment[2] rights because no federal search warrant existed.[3] (Id.) |

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[2] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

[3] Scaife reverses Claims Two and Three within his § 2255 Motion. (See § 2255 Mot. 3, 8, 10). The Court refers to the

Claim Four:      Counsel failed to raise a Double Jeopardy[4] challenge to Scaife's federal charges. (Id.)

Claim Five:      Counsel "prematurely with[drew] career offender objection prior to obtaining the defendant's state prior convictions; therefore, allowing the government to use a[n] improper State prior conviction to sentence defendant as a career offender." (§ 2255 Mot. 14 (spelling corrected)).[5]

Thereafter, Scaife filed two supplemental pleadings.  In his First Supplemental Brief (ECF No. 47-1),[6] Scaife adds the following claim:

Claim Six:       Appellate counsel rendered ineffective assistance by failing to raise on appeal Fourth Amendment issues, a challenge to the application of sentencing factors, and claims of ineffective assistance of trial counsel.  (First Supp'l Br. 2.)

In his Second Supplemental Brief (ECF No. 48-1), Scaife adds the following claims:[7]

---

claims as initially set forth and addresses both claims together.  See infra Part IV.A.

[4] "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ."  U.S. Const. amend. V.

[5] Scaife lists a sixth claim in his § 2255 Motion that merely requests an evidentiary hearing.  (§ 2255 Mot. 16.)

[6] The Court employs the pagination assigned by the Court's CM/ECF docketing system for citations to Scaife's First Supplemental Brief.

[7] Scaife's Second Supplemental Brief also provides further argument in support of Claim Five.  (Second Supp'l Br. 2.)

Claim Seven:    Counsel failed to challenge the drug weight based upon the $5500 seized by federal agents which was converted into 200 grams of cocaine base. (Second Supp'l Br. 1.)

Claim Eight:    Counsel lodged no objection to the Government's failure to identify which convictions were used for the career offender classification and for failing "to introduce on the record either the statutes of conviction or the certified copies of [the] convictions." (Second Supp'l Br. 2.)

The Government filed its responses. (ECF Nos. 52, 62.) Scaife has replied. (ECF No. 66.) The matter is ripe for disposition.

## I.   PROCEDURAL HISTORY

The grand jury charged Scaife in a four count indictment with distribuing more than five grams of cocaine base on June 3, 2009 (Count One), distributing more than five grams of cocaine base on June 9, 2009 (Count Two), distributing more than five grams of cocaine base on June 11, 2009 (Count Three), and knowingly possessing with the intent to distribute more than fifty grams of cocaine base on September 28, 2009 (Count Four). (Indictment 1-2, ECF No. 9.) Pursuant to a negotiated plea agreement, Scaife pled guilty to Count One of the Indictment, and the Government dismissed Counts Two, Three, and Four. (Plea Agreement ¶¶ 1, 11, ECF No. 15.)

Scaife "stipulate[d] that the allegations in the Criminal Indictment and the following facts are true and correct and that

3

had the matter gone to trial, the United States could have proven each of them beyond a reasonable doubt." (Statement of Facts 1, ECF No. 16.) Scaife stipulated to the following facts:

> 1. On June 3, 2009, a confidential informant ("CI") secretly coopering [sic] with law enforcement conducted a controlled purchase of approximately 5.372 grams of cocaine base from SCAIFE with $180.00 in Henrico County Police recorded funds. The transaction occurred on the lot of Xtreme Auto, 404 Williamsburg Road, Sandston, Virginia. TIMOTHY SCAIFE is one of the proprietors of this business.
> 2. On or about June 3, 2009, in the Eastern District of Virginia and within the jurisdiction of this Court TIMOTHY LEE SCAIFE, a.k.a. "Timothy John Scaife," did knowingly, intentionally, and unlawfully distribute more than 5 grams of a mixture and substance containing detectable amounts of cocaine base, commonly known as "crack," a schedule II controlled substance.
> 3. The parties herein agree that, for purposes of sentencing, the relevant drug weight for which TIMOTHY LEE SCAIFE will be held accountable will not exceed 149 grams of cocaine base.

(Id. ¶¶ 1-3.)

The Court conducted a Rule 11 colloquy, and accepted Scaife's guilty plea. Thereafter, the Court sentenced Scaife to 235 months of imprisonment. (J. 2, ECF No. 26.) Notwithstanding the waiver of the right to appeal in the Plea Agreement (Plea Agreement ¶ 6), Scaife timely filed a notice of appeal. The United States Court of Appeals for the Fourth Circuit affirmed Scaife's conviction in part and dismissed Scaife's appeal of his sentence. United States v. Scaife, 406

F. App'x 824, 825-26 (4th Cir. 2011). Scaife then filed this § 2255 Motion.

## II.   STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of Strickland to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Scaife's assertion that he would have pled not guilty but for counsel's alleged error is not dispositive of the issue. See United States v. Mora-Gomez, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing Hill, 474 U.S. at 59-60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. Id. at 369-70.

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Therefore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made

during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations and quotations omitted). Accordingly, the Fourth Circuit has admonished that, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22. No circumstances exist here that would lead the Court to consider Scaife's prior sworn statements as other than truthful. See id.

### III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

#### A.   Fourth Amendment Claims

In Claims One, Two, and Three, Scaife faults counsel for failing to challenge the sufficiency of the federal arrest warrant and the search warrant executed on Scaife's home. Scaife's claims stem from a mistaken belief that the federal agents lacked the ability to rely on the state investigation and warrants.

In Claim One, Scaife contends that counsel should have argued that the arrest warrant was invalid because the warrant "was all hearsay, inaccurate and unreliable to establish

probable cause . . . ."   (§ 2255 Mot. 5.)   Scaife attacks the validity of the sworn information contained in the Affidavit in Support of Arrest Warrant in support of the Criminal Complaint. (See Aff. in Supp. of Arrest Warrant 2-5, ECF No. 1.)[8]   Scaife contends that Agent Ronson, the Affiant, lacked personal knowledge of the controlled purchases of cocaine base and the affidavit supporting the Criminal Complaint **"failed to mention** . . . that the three allege[d] controlled purchases occurring on June 3rd, 9th, and 11th, 2009 were **independently** conducted by Henrico Police Investigators . . . ."   (§ 2255 Mot. 6.)

Counsel reasonably eschewed advancing this meritless attack on the arrest warrant because probable cause to support a warrant "may be founded upon hearsay and upon information received from informants," Franks v. Delaware, 438 U.S. 154, 165 (1978), so "long as a 'substantial basis for crediting the hearsay is presented . . . .'"   United States v. Wylie, 705 F.2d 1388, 1389 (4th Cir. 1983) (quoting Jones v. United States, 362 U.S. 257, 269 (1960)).   To secure a warrant,

> There must be information offered to the magistrate from which he or she can independently assess the informant's reliability, credibility or veracity; and there must be a statement of the circumstances underlying the manner in which the information was

---

[8] The Court employs the pagination assigned by the Court's CM/ECF docketing system for citations to the Criminal Complaint and attached supporting affidavit.

> gathered (or, at the very least, a detailed
> description of the accused's criminal
> activity) . . . .

Id. (citations omitted).  Affidavits containing two layers of hearsay may also provide a legal basis for a warrant.  Id. at 1390 (citations omitted).

The Affidavit in support of Scaife's Criminal Complaint, sworn to by Task Force Officer Paul Ronson of the Drug Enforcement Administration, explained that Officer Ronson received information from Investigator Jennifer Tucker of the Henrico County Police Department.  Investigator Tucker reported to Officer Ronson that, on three occasions, a confidential informant ("CI") working with state police conducted controlled buys of cocaine base from Scaife at his business Xtreme Auto. (Aff. in Supp. of Arrest Warrant 3-4.)  Scaife correctly argues that the Affidavit did not mention that Henrico County Police, not federal agents, conducted the controlled buys of drugs from Scaife; however, Scaife has not shown that the omission would make the Affidavit unreliable.  Nor does reason or logic suggest that the omission rendered the Affidavit unreliable or inaccurate.

Scaife also argues that the Criminal Complaint was defective because "the conduct within recited **no** more than the elements of the crime charged . . . ." (§ 2255 Mot. 4.)  Scaife is incorrect.  The Criminal Complaint accurately cited the

applicable statute and included a factual affidavit describing the alleged offense in detail. At to Claim One, Scaife has shown neither deficiency of counsel nor resulting prejudice. Thus, Claim One will be dismissed.

In Claims Two and Three, Scaife faults counsel for failing to challenge the search and seizure of his residence in which the federal agent and state investigator recovered 155 grams of cocaine base and 5 grams of cocaine. Scaife argues that the search warrant was faulty because the federal "[A]gent Ronson, had **no authority** for going into the house other than the search warrant that [O]fficer Tucker, had secured from state authorities." (Id. at 8.) Scaife believes that, because agents searched his home pursuant to a state search warrant (rather than a "**federal search warrant**"), the search was unreasonable and invalid. (Id.) Scaife offers no legal authority for this proposition.

Indeed, Scaife's conviction in federal court required no federal search warrant executed by federal law enforcement. See, e.g., United States v. Clyburn, 24 F.3d 613, 614, 616 (4th Cir. 1994) (explaining that "[t]he validity of a search warrant obtained by state officers is to be tested by the requirements of the Fourth Amendment . . . when the admissibility of evidence in federal court is at issue"). Here, the Henrico County Police Department obtained the warrant to search the residence from a

Henrico County Magistrate. (Gov't's Resp. Ex. A, at 1, ECF No. 52-1.) The state officers executed the search and requested Agent Ronson of the United States Drug Enforcement Agency to come to residence during the search. (Id.) Scaife does not even argue that the state search warrant was not supported by probable cause.

Counsel reasonably eschewed challenging the search warrant based on the meritless argument that Scaife urges here, and Claims Two and Three will be dismissed.

**B. Double Jeopardy**

In Claim Four, Scaife claims that counsel rendered ineffective assistance when she failed to challenge his federal charges based upon double jeopardy. Scaife believes that, because the state first charged him with state crimes and then dropped the charges, the prohibition against double jeopardy barred his prosecution for federal crimes in federal court.

That argument lacks merit. The Double Jeopardy Clause of the Fifth Amendment bars subsequent prosecutions by the same sovereign for the same offense after either an acquittal or a conviction and against successive punishments for the same offense. See Ohio v. Johnson, 467 U.S. 493, 498 (1984) (citations omitted). Scaife's claim wholly lacks merit because the state dropped the charges against him far in advance of trial. See Goolsby v. Hutto, 691 F.2d 199, 201-02 (1982)

(citations omitted) (explaining that jeopardy fails to attach until jury has been impaneled and sworn or in bench trial when court begins to hear evidence). Moreover, prosecution in both federal and state court for exactly the same criminal conduct does not constitute double jeopardy. United States v. McLeod, 227 F. App'x 274, 275 (4th Cir. 2007) (citing Abbate v. United States, 359 U.S. 187, 194 (1959); United States v. Christmas, 222 F.3d 141, 145 (4th Cir. 2000)). Thus, counsel reasonably refrained from advancing Scaife's meritless double jeopardy argument. Claim Four will be dismissed.

## C.   Sentencing Claims

In Claim Five, Scaife asserts that counsel prematurely withdrew her objection to the career offender enhancement and thereby allowed the Government to use a state conviction that failed to qualify for the enhancement. Counsel initially objected to the use of a 1986 New York conviction to enhance Scaife's sentence.[9] (See Def.'s Objs. and Pos. Sentencing ¶ 3, ECF No. 22.) Counsel believed that Scaife would complete that sentence in April of 1994, and therefore the sentence fell outside of the fifteen-year window for predicate offenses for career offender designations. (See id.); U.S. Sentencing

---

[9] Counsel stated that she believed the completion of that sentence ended on June 11, 1992, when Scaife's parole was revoked, and he was sentenced to serve one year and ten months. (See Def.'s Objs. and Pos. Sentencing ¶ 3, ECF No. 22.)

Guidelines Manual, ("U.S.S.G.") §§ 4A1.2(e)(1) & 4A1.2(k)(2)(B) (2009).[10]

The Presentence Report ("PSR") explained that based upon information received from the New York Department of Corrections, the 1986 sentenced counted for criminal history scoring.  (PSR ¶ 21.)   The PSR explained that

> "in New York, a defendant who receives more than one state prison sentence is deemed to be serving a single aggregate sentence term of all of his sentences."  Mr. [Richard de] Simone [Associate Counsel in Charge of NY DOCS's Office of Sentencing Review] noted that "it does not matter whether the sentences run concurrently or consecutively or whether the sentences were imposed at the same time or years apart."

---

[10] U.S.S.G. § 4A1.2(e)(1) states:

Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted.    Also   count   any   prior   sentence   of imprisonment   exceeding   one   year   and   one   month, whenever imposed, that resulted in the defendant being incarcerated   during   any   part   of   such   fifteen-year period.

U.S.S.G. § 4A1.2(e)(1).

U.S.S.G. § 4A1.2(k)(2)(B) states in relevant part:

Revocation of . . . parole . . . may affect the time period   under   which   certain   sentences   are   counted provided in §4A1.2 . . . (e).   For the purposes of determining   the   applicable   time   period   use   the following:    (i)   in   the   case   of   an   adult   term   of imprisonment   totaling   more   than   one   year   and   one month, the date of last release from incarceration on such sentence (see §4A1.2(e)(1)) . . . .

U.S.S.G. § 4A1.2(k)(2)(B).

"That being the case, Mr. Scaife remained subject to his 1986 and 1992 (see paragraph 22) sentences until his Maximum Expiration Date of August 29, 1997." Therefore for sentencing guidelines purposes, the defendant's release for this conviction is considered as August 29, 1997, and thus a countable conviction for criminal history scoring.

(Id.)

In response to counsel's objection, the Probation Officer further explained that,

when considering Defense Counsel's assertion that [Scaife] completed his sentence in 1993 for the conviction noted in paragraph 21 and then immediately began serving the sentence for the conviction noted in paragraph 22, it should be noted that pursuant to U.S.S.G. § 4A1.2(k)(2)(B), the date of last release from incarceration is used for the purpose of determining the applicable time period; not the date that the sentence was completed. So, even if Mr. Scaife was not serving parole violation time for his conviction in paragraph 21 subsequent to release on parole on September 1, 1995, his last date of release from confinement would be considered as September 1, 1995, and thus countable.

(Addendum to PSR, A-2 through A-3.)

Counsel has sworn that, before the sentencing hearing, she learned from the New York Parole Division that the 1986 conviction actually qualified as a predicate offense and she "had no choice but to withdraw the objection as [she] could not argue a merit-less objection." (Gov't's Resp. Ex. B, at 2.) Counsel cannot be faulted for withdrawing a meritless objection. Claim Five will be dismissed.

14

In Claim Seven, Scaife argues that counsel deficiently failed to "challenge the probation officer's conclusion in the [presentence] report on the drug weight amount; therefore, allowing the court to increase defendant's offense level based on fraudulent information." (Second Supp'l Br. 2, ECF No. 48-1.) Scaife states that he received a letter in January 2011 stating that the $5500 seized during the state search of his home "was **never** seized in the custody of any **federal agency** . . . ." (Id.) Scaife contends that, based upon this "**newly discovered evidence**," the "[presentence] report fraudulently stated that on September 28, 2009, **$5,500.00** dollars was seized from the defendant's residence by federal agents, and for relevant conduct purpose was then converted . . . into 200 grams of cocaine base . . . ." (Id. at 1.)

Scaife fails to establish any deficiency of counsel. The Henrico County Police Department seized the $5500 during the search of Scaife's home and held the seized funds. Scaife provides no authority for his suggestion that in order to use drug proceeds as relevant conduct, the federal government must have physical custody of the seized $5500. Scaife has established neither deficiency nor resulting prejudice, and Claim Seven will be dismissed.

In Claim Eight, Scaife

> contends that his trial counsel was ineffective for
> failure to raise an objection on the record that the
> government failed to identify which convictions
> clasified [sic] him as a Career Offender, and for
> failure to introduce on the record either the statutes
> of conviction or the certified copies of his
> convictions.

(Second Supp'l Br. 2.)   Scaife demonstrates no deficiency of counsel or resulting prejudice.   The presentence report adequately set forth Scaife's prior criminal history for sentencing purposes and cited the predicate offenses as a 1986 New York conviction for sexual abuse and 2001 convictions for possession with intent to distribute cocaine and possession of a firearm.   (See PSR ¶¶ 21, 24, 34.)   Scaife cites to no authority requiring the Government to introduce copies of the convictions or the statutes of convictions.[11]   Scaife fails to demonstrate deficiency of counsel or prejudice, and Claim Eight will be dismissed.

## IV.   INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the

---

[11]   During sentencing the Court inquired about counsel's objection to "having the details of the convictions outlined in the presentence report."   (Mar. 26, 2010 Tr. 5, ECF No. 33.) The Court asked, "I don't know of any law that says that I can't consider that, do you?"   (Id.)   Counsel agreed that the Court could consider the convictions in arriving at a sentence.   (Id.)

applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).  Counsel had no obligation to assert all non-frivolous issues on appeal.  Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones v. Barnes, 463 U.S. 745, 751-52 (1983)).  A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" Bell, 236 F.3d at 164 (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)).  "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" Id. (quoting Smith v. Robbins, 528 U.S. 259, 288 (2000)).

Here, appellate counsel challenged Scaife's sentence, notwithstanding the appeal waiver provision in the Plea Agreement, and raised ineffective assistance of trial counsel. The Fourth Circuit affirmed the conviction in part, and dismissed the portion of the appeal challenging his sentence as barred by Scaife's validly entered plea agreement. United States v. Scaife, 406 F. App'x 824, 825-26 (4th Cir. 2011). The

Court of Appeals dismissed the ineffective assistance claims as not cognizeable on direct appeal. Id. at 825.

In Claim Six, Scaife faults appellate counsel for not raising on appeal an assertedly meritorious challenge to his sentence, purported Fourth Amendment violations, and the ineffectiveness of trial counsel. (First Supp'l Br. (47-1) 2.) However, Scaife has not demonstrated that these arguments are clearly stronger than the claims presented by appellate counsel, much less that they are meritorious. Bell, 236 F.3d at 164 (quoting Smith, 528 U.S. at 288). Moreover, in light of the Fourth Circuit's dismissal of the appeal based on Scaife's validly entered appeal waiver, and its dismissal of the ineffective assistance claims, Scaife demonstrates no prejudice from appellate counsel's failure to raise additional claims. Because Scaife has not established any deficiency of counsel or resulting prejudice, Claim Six will be dismissed.

## V.    REMAINING MOTIONS TO AMEND

"Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted). As explained below, Scaife's amendments are futile.

### A.   First Motion to Amend

In Scaife's "MOTION FOR LEAVE OF COURT TO FILE A THIRD SUPPLEMENTAL MOTION" ("First Motion to Amend," ECF No. 67) and the attached supplemental brief ("Third Supplemental Motion," ECF No. 67-1), Scaife argues that Lafler v. Cooper, 132 S. Ct. 1376 (2012)[12] entitles him to relief on his previously raised claims.  (First Mot. Amend 1-2; Third Supp'l Mot. 1.)  Scaife repeats his prior arguments, none of which pertain to deficiency of counsel in the plea negotiations.  (Third Supp'l Mot. 3-4.)  Scaife fails to argue and the Court fails to discern how Lafler entitles Scaife to any relief.

Scaife also adds one new claim, and states in sum, "Issue Eight-  Petitioner asserts a counterclaim challenging [the] Court's lack of subject matter jurisdiction."  (Third Supp'l Mot. 4.)  Scaife's conclusory allegation states no claim for relief.  Sanders v. United States, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations").  Scaife's First Motion to Amend (ECF No. 67) will be denied as futile.

---

[12]   Lafler provides that "[d]uring plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'"  Lafler, 132 S. Ct. at 1384 (2012) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).

## B. Second Motion to Amend

In his "MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT" ("Second Motion to Amend," ECF No. 68) and his attached Motion for Leave to File Supplemental Complaint ("Supplemental Complaint," ECF No. 68-1), Scaife argues that Lafler and the United States Court of Appeals for the Eighth Circuit's decision in United States v. Lara, 690 F.3d 1079 (8th Cir. 2012),[13] entitle him to relief on two new claims of ineffective assistance of counsel. Scaife fails to suggest how the two cases relate to his new claims.

First, Scaife argues that counsel deficiently withdrew the objection to the attributable drug weight in the PSR. Scaife contends that he and the Government agreed in the Statement of Facts accompanying his Plea Agreement that he bore responsibility for a drug weight not exceeding 149 grams of cocaine base. (Supp'l Compl. 2.) The PSR included, as relevant conduct, the 18.746 of cocaine base Scaife sold in June 2009, the 169.904 grams of cocaine base and twenty-five tablets containing N-Benzylpiperazine found in his house on September

---

[13] In Lara, 690 F.3d at 1083, the Eighth Circuit held that the district court erred during sentencing in permitting the Government, on its own initiative, to put on evidence of uncharged relevant conduct that raised the stipulated drug quantity in the plea agreement. Lara is inapplicable to Scaife's case. First, the Eighth Circuit's opinion is not binding on this Court. Second, the Government in this instance stood by the stipulated drug quantity in the Statement of Facts. (See Mar. 26, 2010 Tr. 3.)

28, 2009, and the $5500 recovered from his house that converted to 200 grams of cocaine base.  (PSR ¶¶ 9-12.)  Notwithstanding the stipulation to 149 grams of cocaine base in the Statement of Facts, and counsel for the Government's acknowledgement at sentencing that "we made a bargain, and I think it's appropriate that we stand by it," (Mar. 26, 2010 Tr. 3), the Plea Agreement provided no guarantee that the Court would only sentence Scaife based on the agreed upon 149 grams.

Scaife agreed in his Plea Agreement and under oath in the Rule 11 proceeding that the mandatory minimum sentence for Count One was five years of imprisonment and the maximum sentence was forty years of imprisonment (Plea Agreement ¶ 1), and that he "underst[ood] that the Court has jurisdiction and authority to impose any sentence within the statutory maximum . . . ."  (Id. ¶ 5; see Jan. 8, 2010 Tr. 8, ECF No. 40.)  He agreed that any estimated sentence from counsel or the United States "is a prediction, not a promise" and "is not binding on . . . the Court.  (Plea Agreement ¶ 5.)  Scaife agreed that he understood that the sentencing judge could "make any sentencing determinations on his own . . . based on a standard of proof of preponderance of the evidence." (Jan. 8, 2010 Tr. 10.)  Scaife also agreed to waive his right to appeal a sentence within the statutory limits.  (Id. at 14.)  Thus, even if counsel had maintained Scaife's objection to the attributable drug weight,

21

the Court was not bound by the stipulated drug amount in the Statement of Facts. See Payne v. United States, Nos. 3:09-CR-156-3, 3:10-CV-686, 2011 WL 3819847, at *3 (E.D. Va. Aug. 29, 2011); U.S.S.G. § 1B1.4 (emphasis added) ("In determining a sentence to impose . . . the court may consider, without limitation, any information concerning the background, character and conduct of the defendant . . . .") The Court possessed the ability to use relevant conduct, even from the dismissed counts, in fashioning Scaife's sentence. See United States v. Barber, 119 F.3d 276, 283-84 (4th Cir. 1997). Thus, Scaife fails to show a reasonable probability that the outcome of his sentencing would have been different if counsel had not withdrawn the objection to the attributable drug weight. Scaife's Second Motion to Amend (ECF No. 68) will be denied as futile.

C. **Third and Fourth Motions to Amend**

In Scaife's "MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING" ("Third Motion to Amend," ECF No. 72) and "ADDENDUM OF NEW YORK STATES CERTIFIED DOCUMENTS SUPPLEMENTAL AMENDED PLEADING" ("Fourth Motion to Amend," ECF No. 73), Scaife seeks to add further argument in support of Claim Five challenging counsel's deficiency with regard to his career offender

enhancement and add his criminal records from New York as exhibits in support Claims Five and Eight. The Court has already determined that Claims Five and Eight lack merit. Because a review of Scaife's argument in the Third and Fourth Motions to Amend and attached documents fail to alter the Court's conclusion, Scaife's Third and Fourth Motions to Amend (ECF Nos. 72, 73) will be denied as futile.

### D.   Fifth Motion to Amend

In another rambling and repetitive submission ("Fifth Motion to Amend," ECF No. 74), Scaife summarizes his prior Motions to Amend and brings two new claims. In his first claim, Scaife faults counsel counsel for incorrectly advising him to plead guilty when insufficient evidence existed to convict Scaife. (Fifth Mot. Amend 10.) Scaife believes that counsel failed to challenge the Government's case, and should have moved to suppress the evidence and the indictments due to the insufficiency of the evidence. (Id at 13.) Scaife fails to demonstrate any prejudice as the evidence of Scaife's guilt was overwhelming.

Officer Ronson averred that on three occasions, a CI working with state police conducted controlled buys of cocaine

base from Scaife at his business Xtreme Auto.  (Aff. in Supp. of Arrest Warrant 3-4.)  Based upon the controlled purchases, public records, the statement of two CI's, and surveillance by the Henrico Police of Scaife and his residence, two search warrants were issued, and the subsequent search of Scaife's residence yielded 155 grams of cocaine base, five grams of cocaine, $5500, crack preparation equipment with visual cocaine residue and packaging materials.  (Id. at 4.)

In his second claim, Scaife alleges prosecutorial and police misconduct because when the "State authorities dismissed the criminal charges against Scaife, [they] destroyed the alleged drug evidence, returned to him the money and property seized from his residence.  So how could the federal authorities prosecute and convict Scaife for possession of 'make believe' drugs they never had legal custody of . . . ."  (Fifth Mot. Amend 16.)  Scaife's second claim is waived, and barred from review here, because "'[a] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges.'"  United States v. Martinez, 424 F. App'x 208, 209 (4th Cir. 2011) (quoting United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993)).

Scaife's Fifth Motion to Amend (ECF No. 74) will be denied as futile.

## VI. PENDING MOTIONS

Scaife filed two motions requesting discovery. (ECF Nos. 53, 69.) A federal habeas petitioner must demonstrate good cause before he or she is allowed to conduct discovery. Stephens v. Branker, 570 F.3d 198, 213 (4th Cir. 2009). "A showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he [or she] is entitled to habeas corpus relief," once the facts are fully developed. Id. (citing Bracy v. Gramley, 520 U.S. 899, 908-09 (1997)). Scaife fails to make such a showing. Accordingly, Scaife's discovery motions (ECF Nos. 53, 69) will be denied.

Scaife also files a Motion for Summary Judgment (ECF No. 54) and a Motion to Enter Default (ECF No. 55). Scaife fails to demonstrate entitlement to summary judgment or default. Accordingly, these motions (ECF Nos. 54, 55) will be denied.

Scaife's Motion to Add New Case Law (ECF No. 75) is granted.

## VII.  CONCLUSION

For the foregoing reasons Scaife's claims will be dismissed.  Scaife's § 2255 Motion (ECF No. 45) will be denied and the action will be dismissed.  A certificate of appealability will be denied.[14]

The Clerk is directed to send a copy of the Memorandum Opinion to Scaife and counsel of record.

/s/ _REP_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 20, 2014

---

[14] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).  Scaife fails to satisfy this requirement.