IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:09cr376

TIMOTHY LEE SCAIFE

## MEMORANDUM OPINION

This matter is before the Court on the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 102), the UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE UNDER THE FIRST STEP ACT (ECF No. 103), and the DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S FIRST STEP ACT MOTION (ECF No. 108). For the reasons set forth below, DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 102) will be denied.

## BACKGROUND

In January 2010, Timothy L. Scaife pled guilty to one count of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a). In the Statement of Facts accompanying the guilty plea, the parties agreed that "for the purpose of sentencing the amount of drug weight for which TIMOTHY LEE SCAIFE will be accountable will not exceed 149 grams of cocaine base." Scaife was determined to be a career offender and application of the

career offender guideline resulted in an offense level of 31, a criminal history category of VI, which yielded a guideline range of 188 to 235 months of imprisonment. Scaife was sentenced to 235 months of imprisonment and four years of supervised release.

After the Fair Sentencing Act, the mandatory minimum period of imprisonment would be twenty years; the offense level would be 32 which, when reduced for acceptance of responsibility, would result in an offense level of 29 which, with a criminal history category VI would result in a sentencing range of 151 to 188 months. In the motion, Scaife offers no evidence of post-conduct rehabilitation. However, in his reply brief, Scaife notes that he has received positive work evaluations from his superiors because of his work in the barber shop where he is the lead barber. Scaife also notes that he has completed several classes and programs and obtained a GED, as well as taking drug treatment courses, vocational programs and educational programs.[1]

---

[1] The Court frowns upon adding material such as this in the reply brief because the Government has no ability to reply to it or comment upon it. Unfortunately, the Federal Public Defender's Office has taken this approach as a matter of course in proceedings to modify sentence under the First Step Act. In the future, counsel will be sanctioned for taking this approach.

## DISCUSSION

The United States agrees that Scaife is eligible for modification of sentence under Section 404(b) of the First Step Act but argues that the motion should be denied because of the lengthy and disturbing criminal history before Scaife's arrest and his infractions during incarceration.

Whether to grant a modification under Section 404(b) of the First Step Act is a matter of discretion which should be informed by an examination of the facts as presented in the record taken as a whole, as well as the arguments of the parties, the statement of defendant, and any post-offense rehabilitative efforts.

In this case the record reflects that Scaife willingly and intentionally distributed more than five grams of crack cocaine. According to the First Step Act Amendment Worksheet, the converted drug weight attributable to Scaife was 1,392.8 kilograms. The Presentence Report confirms that conclusion, albeit by using a different method. Scaife freely admitted his guilt at the time of his guilty plea and accepted responsibility for his conduct.

Scaife's criminal history is indeed, as the United States argues, disturbing. In 1981, while in the army, Scaife was convicted of rape. In 1985, Scaife was convicted of forcible sexual abuse and robbery. In 1991, he was again convicted of robbery and criminal possession of a weapon. In 2000, Scaife was

convicted of possessing cocaine with intent to distribute it and possession of a firearm while in possession of drugs, and possession of a firearm by a convicted felon, and alluding police so as to create endangerment. As to all those convictions, Scaife received relatively lenient sentences.

Because the United States argues that Scaife's disciplinary record in prison must be taken into account, the Court has examined the only two infractions that appear in the record. They are relatively minor infractions, both attributable to being absent from assignment once in 2013 and again in 2014.

Scaife argues that his criminal history began when he was a young man, 18 years of age, and that the convictions were 34 years ago. Accordingly, Scaife seeks a variance sentence, something that is argued for the first time in the DEENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S FIRST STEP ACT MOTION (ECF No. 108). This argument proceeds upon the theory that a modification of sentence under the First Step Act is a new sentencing. That, however, is not the case. <u>Chavez-Meza v. United States</u>, 138 S.Ct. 1959, 1967 (2018); see <u>Dillon v. United States</u>, 560 U.S. 817, 825 (2010); <u>United States v. Jones</u>, No. 3:04-cr-392, ECF. No. 107 at 4-7 (E.D. Va. June 19, 2019).

Scaife, who is now over 57 years of age, is currently projected to be released from prison on October 21, 2026. He seeks

a sentence of time served which would be achieved by reducing the original period of incarceration from 235 months to a period of 151 months, just below the low end of his amended guidelines.

Having reviewed the entire record, including Scaife's efforts at rehabilitation, and considering the very serious nature of the offense of conviction and Scaife's extremely serious criminal history, and the fact that he has not learned from previous extensions of leniency by the judiciary, the Court concludes that a modification of sentence as requested by Scaife is not warranted.

## CONCLUSION

For the foregoing reasons, the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 102) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 13, 2019